## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMBER L. BEARDSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-12-760-D |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Pursuant to 42 U. S. C. § 405(g), Plaintiff brought this action for judicial review of the final decision of Defendant Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability and supplemental security income benefits under the Social Security Act.  The matter was referred to United States Magistrate Judge Gary M. Purcell for proceedings in accordance with 28 U. S. C. § 636(b)(1)(B) and (C).

On May 17, 2013, the Magistrate Judge filed a Report and Recommendation [Doc. No. 24] in which he recommended that the Commissioner's decision be affirmed.  Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record.  *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010).  Substantial evidence is that which

---

[1]Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, she is substituted for former Commissioner Michael J. Astrue as the defendant in this ation.

a reasonable person might deem adequate to support the ultimate conclusion.  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record," constitutes a mere conclusion, or amounts to no more than a mere scintilla.  *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). Whether substantial evidence supports the decision must be based "upon the record taken as a whole." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

Plaintiff was 27 years old at the time she applied for disability benefits in 2008, listing her disabilities as bipolar disorder, arthritis, a bulging disc, and degenerative disc disease.  She has a twelfth grade education and vocational training in office administration.  Her previous employment positions include administrative assistant, cashier, bill collector, assembly worker, retail catalog associate, and deli cook.  She has four children, and stated in her application for benefits that, in 2004, she began staying home to care for them.  She has not engaged in work since that time, but the record reflects that she last applied for employment in 2007.

Following the administrative denial of Plaintiff's application, an Administrative Law Judge ("ALJ") conducted a *de novo* hearing at which both Plaintiff and a vocational expert testified.  The ALJ issued a decision that Plaintiff does not qualify for disability benefits.  In reaching that conclusion, the ALJ applied the five-step sequential analysis required by the Social Security Administration regulations, 20 C. F. R.  § 404.1520.  A detailed explanation of that analysis is included in the Report and Recommendation at pages 4 and 5, and need not be repeated herein.  The analysis is briefly summarized as follows.

At the first through third steps of the analysis, the ALJ found the evidence establishes Plaintiff has severe impairments due to back problems, left hip problems, obesity, diabetes,

depression, and anxiety, and that these do not meet or equal the requirements of an impairment which is deemed disabling *per se*.   At step four, the ALJ concluded Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with identified limitations consistent with her physical condition.   The ALJ also found that Plaintiff has certain mental limitations restricting her to performing simple tasks and limited to jobs not requiring public contact or the performance of customer service tasks.   She found, however, that Plaintiff can relate superficially to supervisors and co-workers.   At step five of the analysis, the ALJ found that Plaintiff is not capable of performing her previous jobs.   Based on the medical evidence, Plaintiff's testimony, and the vocational expert's testimony, the ALJ found that Plaintiff has the RFC to perform other jobs available in the economy.

Plaintiff appealed the denial of her application, and she submitted additional evidence to the Appeals Council.   The evidence consisted of a medical source statement prepared by a treating physician, Dr. Rebecca Feliciano, and entitled "Mental Residual Functional Capacity Assessment." She also submitted medical evidence from Dr. Raj Motwani. Tr. p.4.   The Appeals Council made the new evidence a part of the record, but it declined to review the decision of the ALJ.   In denying review,  the Appeals Council informed Plaintiff that it "considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.  We found this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. pp. 1-2.

In seeking this Court's review of the denial of her application, Plaintiff contends that 1) the ALJ erred in finding she has the RFC to perform jobs that exist in the economy; 2) the ALJ erred in assessing her credibility; and 3) the Appeals Council erred because it did not discuss the new

evidence submitted or provide the reasons it found that such evidence did not warrant review of Plaintiff's claim.

The Magistrate Judge addressed each of these contentions in detail in the Report and Recommendation. With respect to Plaintiff's arguments regarding the ALJ's assessment of her RFC and the evaluation of Plaintiff's credibility, the Court has reviewed the objections in light of the evidence and the governing law, and agrees with the Magistrate Judge that there was no error in the ALJ's analysis of these issues. Furthermore, substantial evidence in the record supports the ALJ's assessment of Plaintiff's RFC and the evaluation of her credibility.

Plaintiff's primary argument in objecting to the Report and Recommendation is her contention that the Appeals Council erred in failing to discuss the new evidence submitted to it. More specifically, she contends the Appeals Council was required to analyze the medical source statement of Dr. Rebecca Feliciano[2] according to the factors applicable to the agency's consideration of a treating physician's opinion.[3]

The Magistrate Judge also addressed this argument in the Report and Recommendation and concluded that the Appeals Council did not err in its handling of the new evidence. As the Magistrate Judge explained, the Tenth Circuit has held that the Appeals Council is not required to

---

[2]Plaintiff does not raise any issue regarding the evidence from Dr. Motwani.

[3]According to the "treating physician rule," the ALJ must give the opinion of an acceptable treating source controlling weight if it is both well-supported by medically acceptable clinical and diagnostic techniques and consistent with other substantial evidence in the record. *See, e.g., Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). If the opinion is deficient in either respect, it is not controlling, and the ALJ then considers what weight, if any, the opinion should be afforded. *Id.* at 1301. The ALJ is to apply specific factors and, if the opinion is rejected, the ALJ must set out the specific reasons for its rejection. *Id.*

conduct an analysis of new evidence consisting of a treating physician's opinion when the Council states it has reviewed the evidence and found it provides no basis for changing the ALJ's decision. *Robinson v. Astrue*, 397 F. App'x 430 (10th Cir. 2010) (unpublished); *Martinez v. Astrue,* 389 F. App'x 866 (10th Cir. 2010) (unpublished).  However, as the Magistrate Judge also noted, the Tenth Circuit appears to have taken a different view in *Harper v. Astrue*, 428 F. App'x 823 (10th Cir. 2011) (unpublished).  In *Harper*, the plaintiff submitted evidence from a treating physician to the ALJ, who ultimately denied the claim for disability benefits.  The plaintiff appealed the denial and, on appeal, submitted additional treating physician evidence to the Appeals Council.  The new evidence was made a part of the record by the Appeals Council, but review was denied without discussion of the new evidence.  The Tenth Circuit held that the ALJ erred in failing to conduct a proper analysis of the weight to be afforded the opinions of the plaintiff's treating physician, and the Appeals Council did not address that deficiency and conducted no treating physician analysis.  The Tenth Circuit held that, where both the ALJ and the Appeals Council failed to conduct a proper treating physician analysis, remand was required so that the agency could fully assess the evidence.  *Harper*, 428 F. App'x at 827..

No subsequent Tenth Circuit decision has addressed this issue.  In *Stills v. Astrue*, 476 F. App'x 159 (10th Cir. 2012) (unpublished opinion), the Circuit noted that the question of whether the Appeals Council must conduct a treating physician analysis of a medical source statement submitted as new evidence on appeal "does not appear to be settled in this circuit," citing the decisions in *Harper* and *Robinson*.  *Stills*, 476 F. App'x at 161-62.  The Circuit in *Stills* did not address the question, however, and decided the case before it on other grounds.  *Id.*

Although few decisions in the district courts within the Circuit have addressed the question,

the Court has not located a decision in which the district court followed *Harper*. However, several courts have followed *Martinez,* and have held that the Appeals Council is not required to support to include a discussion of the new evidence submitted to it on appeal when it declines review of the ALJ's decision. *See, e.g., Burger v. Astrue,* 2013 WL 1222371, at *4 (D. Colo. Mar. 26, 2013) (unpublished); *Davison v. Astrue,* 2012 WL 4214896, at *4 (D. Kan. Sept. 18, 2012) (unpublished); *Johnson v. Astrue*, 2012 WL 2886687, at *7 (N.D. Okla. July 13, 2012)(unpublished); *Jackson v. Astrue*, 2012 WL 831351, at *3 (W.D. Okla. Feb. 13, 2012) (unpublished).[4] The Court has located one decision in which a district court, recognizing the uncertainty resulting from the decisions in *Harper* and *Robinson,* decided to "err on the side of caution" and remanded the matter to the agency for consideration of the new evidence. *Pacheco v. Astrue,* 2013 WL 2030964, at *7 (D. Colo. May 14, 2013) (unpublished).

Having reviewed these decisions, the Court finds most persuasive the holding, and supporting rationale, presented by the Circuit in *Martinez*. There, the Circuit rejected the plaintiff's argument that the Appeals Council erred when it accepted new evidence and adopted it into the record, but denied review without discussion or analysis of the new evidence:

> Contrary to Mr. Martinez's argument, we do not assume the Appeals Council failed to properly consider evidence simply because it chose not to discuss the evidence in its order denying review. Our case law requires only that the Appeals Council consider properly submitted evidence that is new, material, and temporally relevant. *Threet v. Barnhart,* 353 F.3d 1185, 1191 (10th Cir.2003); *see* 20 C.F.R. § 404.970(b). "If the Appeals Council fails to consider qualifying new evidence, the case should be remanded for further proceedings." *Threet*, 353 F.3d at 1191. But if, as happened here, the Appeals Council explicitly states that it considered the evidence, there is no error, even if the order denying review includes no further

---

[4]This unpublished opinion is a Report and Recommendation which was adopted by the Chief Judge of the Western District of Oklahoma in a subsequent Order. *See Jackson v. Astrue,* 2012 WL 830505 (W.D. Okla. Mar. 9, 2012).

discussion. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207–08 (10th Cir. 2006) (noting that analysis of new evidence by the Appeals Council would have been helpful, but was not required); *cf. Threet*, 353 F.3d at 1191–92 (reversing and remanding where Appeals Council gave no indication that it considered qualifying new evidence). We take the Appeals Council at its word "when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005). Accordingly, we see no error in the Appeals Council's action here.

*Id.,* at 868-69.

The Court also finds persuasive the Circuit's earlier decision in *Foy v. Barnhart*, 139 F. App'x 39 (10th Cir. 2005) (unpublished). In *Foy*, the plaintiff's disability benefits application was denied by the ALJ, and she pursued an appeal. On appeal, she submitted new evidence consisting of a "Mental Medical Source Statement" prepared by her treating physician. *Foy*, 139 F. App'x at 41. The Appeals Council's decision denying review stated that it "'considered the reasons you disagree with the Administrative Law Judge's decision and the additional evidence listed on the enclosed Order of Appeals Council.'" *Id.* (quoting record). "It concluded 'that this information does not provide a basis for changing the Administrative Law Judge's decision.'" *Id.* [record citation omitted]. *Foy*, 139 F. App'x at 41. The Tenth Circuit rejected the plaintiff's argument that the Appeals Council erred because it did not discuss the new evidence and evaluate its impact, if any, on the decision. According to the Circuit, the failure to do so did not constitute error because there are no "statutes or regulations that would require such an analysis where new evidence is submitted and the Council denies review."[5]  *Id.* at 42.

─────────────

[5]That an analysis of new evidence need not be performed where the Appeals Council accepts the evidence into the record but *denies* review was also the conclusion reached in *Palomares v. Astrue*, 887 F. Supp. 2d 906, 915 (N.D. Cal. 2012) ("[T]he Appeals Council is not required to give specific and legitimate reasons for its rejection of a treating physician's evidence when it does not review the ALJ's decision." (citing *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1231 (9th Cir. 2011)). *See also Robinson v. Astrue*, 365 F. App'x 993 (11th Cir. 2010) (unpublished). Some courts have, however, reached the opposite conclusion, holding that receipt of new evidence requires an

In this case, the Appeals Council's decision contains language almost identical to that in *Foy*, as the Council advised the claimants in both cases that it had included her new evidence in the record but had determined the information did not provide a basis for changing the ALJ's decision. In this case,  the Appeals Council expressly stated it declined to review that decision.  The Court finds that, for the reasons discussed in *Foy*, *Robinson*, and *Martinez*, the Appeals Council did not err in failing to discuss the new evidence or to apply a treating physician analysis.  Accordingly, there is no error warranting remand.

However, because the Appeals Council  made the new evidence a part of the record, that evidence "'becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial-evidence standard.'" *Armijo v. Astrue*, 385 F. App'x 789, 796 (10th Cir. 2010) (unpublished) (quoting *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004)).   Recognizing this rule,  the Magistrate Judge considered and evaluated the new evidence consisting of Dr. Feliciano's medical source statement.  He also compared it to the other evidence from Dr. Feliciano which had previously been presented to and was considered by the ALJ, along with the other medical evidence of record.   In doing so, the Magistrate Judge discussed the treating physician analysis to be applied under the governing law, accurately set out the factors to be considered, and applied these to Dr. Feliciano's new evidence.[6] Report and Recommendation at pp. 6-10.   The Magistrate Judge noted that the medical source statement was signed and dated prior to the ALJ's

---

analysis of that evidence by the Appeals Council.  *See, e.g., Shrack v. Astrue*, 608 F.Supp. 2d 297, 302 (D. Conn. 2009) (citing *Snell v. Apfel*, 177 F.3d 128 (2d Cir. 1999)).

[6]Plaintiff does not contend that the ALJ did not properly evaluate the evidence reflecting Dr. Feliciano's opinions in the decision  issued after the hearing, although Plaintiff disagrees with the ALJ's conclusions regarding those opinions.

decision, but it was not submitted to the ALJ.  The statement consists of Dr. Feliciano's responses to a "mental impairment questionnaire," which Plaintiff believes supports a more limited RFC than that found by the ALJ.  The Magistrate Judge noted that the statement does not reflect clinical and diagnostic techniques, and is inconsistent with the substantial medical evidence in the record.  Furthermore, he found this new evidence inconsistent with Dr. Feliciano's other treatment records which were before the ALJ when she issued her decision.  Report and Recommendation at pages 7-9.

The Magistrate Judge correctly analyzed the new medical evidence submitted by Dr. Feliciano, and the Court agrees that, for the reasons explained by the Magistrate Judge, this evidence is not entitled to significant weight and does not alter the decision of the ALJ.  The Court finds no error in the assessment of this evidence.

Accordingly, the Court finds that the Report and Recommendation [Doc. No. 24] should be, and is, adopted as though fully set forth herein.  The decision of the Commissioner is affirmed, and Plaintiff's application for benefits is denied.

IT IS SO ORDERED this 2nd day of August, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE